1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Robin M. Heine,                    )   No. CV 06-865-PHX-JAT
                                        )
10            Plaintiff,                )   **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    Sagebrush Solutions, LLC,           )
13                                      )
              Defendant.                )
14                                      )
                                        )
15  _____  )

16          Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc.

17  # 16).[1]  Also pending before the Court is Defendant's Motion for Summary Judgment (Doc.

18  # 19) and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 28).

19  **I.    Background**

20          Plaintiff, Robin Heine, was employed by Defendant, Sagebrush Solutions, L.L.C., in

21  2002 as a sales representative.  Defendant is in the business of providing auditing services

22  for healthcare payors such as managed care companies.  As a result of the auditing process,

23  Defendant seeks to identify overpayments that the healthcare payors made to third parties.

24  If any overpayments are identified, then Defendant undertakes efforts to recover such

25  _____

26          [1]Plaintiff also filed a document entitled Response to Defendant's Motion to Dismiss
    Plaintiff's Amended Complaint and Plaintiff's Renewed Motion for Summary Judgment
27  (Doc. # 29), but the document was not docketed as a motion.  Nonetheless, in ruling on
    Plaintiff's Motion for Partial Summary Judgment (Doc. # 16), the Court also will rule on
28  Plaintiff's Renewed Motion for Summary Judgment (Doc. # 29).

1   payments on behalf of the healthcare payors.  Defendant's compensation is in the form of

2   service revenues based on the amount of overpayments recovered for each client.  As part

3   of Plaintiff's agreement with Defendant concerning her terms of employment, Plaintiff was

4   to receive a bonus of five percent (5%) of the service revenues received by Defendant on any

5   client contract executed primarily as a result of Plaintiff's sales and marketing efforts.

6           On or about April 29, 2003, Plaintiff filed a Complaint in Maricopa County Superior

7   Court against Defendant (the "State Action").  In the State Action, Plaintiff alleged that a

8   contract with Oxford Health Plans ("Oxford") was executed primarily as a result of her sales

9   and marketing efforts.  Plaintiff also alleged that Defendant breached the employment

10  contract by failing to pay her the five percent (5%) bonus on the service revenues that

11  Defendant received under the Oxford contract.  The matter was tried to a jury.  On April 22,

12  2005, during jury deliberations, the parties stipulated to the following:

13              Plaintiff shall have judgment for a base amount of the actual
                number that is calculated of the bonus that would be due to the
14              Plaintiff through April 22, 2005 without prejudice to, at a later
                time, the Plaintiff arguing that the ultimate judgment amount
15              should include an amount for future revenues paid to the
                Defendant from which a bonus can be calculated, and without
16              prejudice to the Defendant arguing that the number is the
                number through April 22, 2005, and no additional amounts.
17              Also, to be determined in the future will be the issue of whether
                damages are trebled and whether or not the Plaintiff recovers
18              attorneys' fees, and if so, the amount.

19          The jury returned a verdict in favor of Plaintiff in the amount of $65,000.00.  Pursuant

20  to the stipulation, judgment was rendered on July 20, 2005 for "damages" in the amount of

21  $49,664.88, which amount represents the bonus on the Oxford contract owed Plaintiff

22  through April 22, 2005.  The judgment awarded Plaintiff no treble damages under A.R.S. §

23  23-350 et seq. and specifically provided that "the parties preserve the right to all claims and

24  defenses as to any breach of contract arising after April 22, 2005, the final date of the trial

25  of this matter."  Although Defendant filed a motion for a new trial, which motion was denied

26  on September 1, 2005, no appeal was taken from the judgment in the State Action.

27          On February 1, 2006, Plaintiff filed another Complaint in Maricopa County Superior

28                                              - 2 -

1  Court against Defendant.  In the Complaint, Plaintiff asserts a breach of contract claim

2  against Defendant for the bonus owed to her on the additional service revenues received

3  under the Oxford contract after April 22, 2005.  Plaintiff also asserts a treble damages claim

4  on the bonus owed on the additional service revenues and on the amount of the state court

5  judgment, which remains unpaid.  On October 19, 2006, after Defendant removed the matter

6  to federal court, Plaintiff filed an Amended Complaint to clarify that she is seeking, in

7  addition to other claims, treble damages under A.R.S. § 23-360 for Defendant's failure to pay

8  the amount of the state court judgment within ten days of the judgment becoming final.

9  **II.    Plaintiff's Claim for Additional Amounts Owed After April 22, 2005**

10       Plaintiff claims that the doctrine of *res judicata* entitles her to a bonus on the

11  additional service revenues that Defendant received under the Oxford contract after April 22,

12  2005. Plaintiff's argument is based on the determination in the State Action that the Oxford

13  contract was executed primarily as a result of Plaintiff's sales and marketing efforts.  Plaintiff

14  also claims she is entitled to treble wage damages on the bonus, under A.R.S. § 23-355,

15  because there is no longer a good faith dispute that the bonus is owed.

16       In contrast, Defendant argues that the doctrine of *res judicata* bars Plaintiff's claim.

17  Specifically, Defendant argues that Plaintiff failed to seek compensation for the bonus on the

18  additional service revenues in the State Action despite Plaintiff's claim that Defendant

19  committed an anticipatory breach of the employment agreement, which claim involves both

20  past and future bonuses under Arizona law.  *See Healey v. Coury*, 783 P.2d 795, 802 (Ariz.

21  Ct. App. 1989).  Similarly, Defendant argues that Plaintiff is barred from seeking treble

22  damages on her claim for the bonus because the state court considered but did not award

23  treble damages.

24       **A.    Application of *Res Judicata***

25       The doctrine of *res judicata* protects "litigants from the burden of relitigating an

26  identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane*

27  *Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).  Under the doctrine, "a final judgment,

28                                                    - 3 -

entered on the merits in a prior suit involving the same parties or their privies, bars a second suit on the same cause of action and is conclusive as to facts which actually were or could have been decided." *Hall v. Lalli*, 952 P.2d 748, 750 (Ariz. Ct. App. 1997).

As Defendant argues, Plaintiff's State Action complaint alleged an anticipatory breach of contract claim, which claim normally involves both past and future bonuses.  However, Plaintiff failed to seek compensation for any future bonus during the State Action trial. While the doctrine of *res judicata* typically would bar Plaintiff from asserting the claim for the bonus in the present action, numerous events occurred in the State Action that warrant a departure from the application of *res judicata* in favor of Defendant.

First, the jury instruction concerning the measure of damages provided, in part, that the jury should consider "[t]he amount of bonus that would have been due plaintiff under the terms of the letter agreement based on the service revenues from the defendant's contract with Oxford Health Plans."  This instruction, at best, is ambiguous as to whether or not the jury was instructed to consider future bonuses.  Second, during jury deliberations, the parties stipulated, in part, that "Plaintiff shall have judgment for a base amount of the actual number that is calculated of the bonus that would be due to the Plaintiff through April 22, 2005 . . .." Finally, and most importantly, the state court judgment provides that "the parties preserve the right to all claims and defenses as to any breach of contract arising after April 22, 2005, the final date of the trial of this matter."

Considering the foregoing, it is clear to the Court that even if future bonuses were at issue in the State Action, the issue was removed from the jury's consideration and was to be determined by the state court under the stipulation.  Thereafter, the issue was never determined by the state court; instead, the state court, in the judgment, explicitly reserved in favor of the parties the rights to all claims and defenses as to any breach of contract arising after April 22, 2005.  As the Restatement (Second) of Judgments § 26 (1982) provides, in part: "When any of the following circumstances exist . . . part or all of the claim subsists as a possible basis for a second action by plaintiff against the defendant: (a) The parties have

- 4 -

1   agreed in terms or in effect that the plaintiff may split his claim, or the defendant has

2   acquiesced therein; or (b) The court in the first action has expressly reserved the plaintiff's

3   right to maintain the second action." Considering the ambiguous jury instruction, the parties'

4   stipulation, and the reservation language in the state court judgment, the enumerated

5   exceptions in § 26 are applicable and the doctrine of *res judicata* does not bar Plaintiff from

6   asserting a claim for the bonus on service revenues that Defendant received under the Oxford

7   contract after April 22, 2005.[2]

8       Further, the Court finds that the doctrine of *res judicata* applies insofar as the prior

9   State Action determined that the Oxford contract was executed primarily as a result of

10  Plaintiff's sales and marketing efforts.   Accordingly, the prior state court judgment is

11  conclusive and Plaintiff is entitled to an additional amount representing the bonus on service

12  revenues that Defendant received under the Oxford contract after April 22, 2005.   As

13  represented by Plaintiff, after April 22, 2005, the amount of service revenues received by

14  Defendant under the Oxford contract is $280,020.00.   Because Plaintiff's entitlement to a

15  bonus equal to five percent (5%) of the service revenues already has been established in the

16  State Action, Plaintiff's bonus based on the service revenues received by Defendant under

17  the Oxford contract after April 22, 2005, is $14,001.00.

18

19

_____

20      [2]Defendant argues that the reservation language in the state court judgment reserved

21  to it the defense of *res judicata* in the event Plaintiff filed suit for breach of contract
    concerning any bonus on the service revenues that Defendant received after April 22, 2005.

22  The Court disagrees.  All judgments inherently have some *res judicata* effect, which effect
    is not dependent on any reservation of rights language in the judgment.  At issue herein is a

23  state court judgment that reserved the parties' rights to all claims and defenses as to any

24  breach of contract arising after April 22, 2005.  While this language appears broad enough
    to encompass the defense of *res judicata*, to conclude that it reserved such a defense is

25  inconsistent with the reservation of Plaintiff's rights.  Accordingly, because Plaintiff's right

26  to assert a subsequent claim for breach of contract was explicitly reserved in the state court
    judgment, the Court will not interpret the judgment as reserving to Defendant the defense of

27  *res judicata* against the breach of contract claim.

28

1

**B.     Treble Damages**

2        Plaintiff claims she is entitled to treble wage damages on the $14,001.00, under A.R.S.

3   § 23-352 and A.R.S. § 23-355, because there is no longer a good faith dispute that the

4   additional amount is owed.  In opposition, Defendant argues that the doctrine of *res judicata*

5   bars Plaintiff from seeking treble damages on her claim because, just like the breach of

6   contract claim, Plaintiff could have sought in the State Action treble damages for any

7   additional bonus that would have accrued after April 22, 2005.  Defendant also argues that

8   just because the jury found for Plaintiff in the State Action does not mean Defendant lacked

9   a good faith belief that Plaintiff is not entitled to any additional bonus.

10       Regarding Defendant's argument that *res judicata* bars Plaintiff from seeking treble

11  damages, it fails for the same reasons the Court expressed in response to Defendant's *res*

12  *judicata* defense against the breach of contract claim.  Regarding Defendant's argument that

13  the prior finding that the Oxford contract was executed primarily as a result of Plaintiff's

14  sales and marketing efforts does not obviate Defendant's good faith belief that Plaintiff is not

15  entitle to any additional bonus, it also fails.

16       Under Arizona law, a court should not award an employee treble damages if the

17  employer withheld wages because of a good faith dispute.  *Schade v. Diethrich*, 760 P.2d

18  1050, 1062 (Ariz. 1988).  While Defendant successfully argued in the State Action that there

19  was a good faith dispute concerning the execution of the Oxford contract, the same cannot

20  be found for Defendant's present argument that there is a good faith dispute concerning

21  Plaintiff's entitlement to an additional bonus.  First, the State Action adjudicated the issues

22  surrounding the execution of the Oxford contract in favor of Plaintiff; thus, there is no good

23  faith dispute concerning Plaintiff's entitlement to a bonus based on the service revenues

24  generated under that contract.  Second, as the Court already has discussed, Defendant's

25  defense of *res judicata* to the present breach of contract claim fails because the state court

26  judgment clearly reserves to Plaintiff all rights to claims as to any breach of contract arising

27  after April 22, 2005; thus, there is no good faith dispute concerning Defendant's obligation

28

1  to pay an additional bonus to Plaintiff based on the service revenues received under the

2  Oxford contract after April 22, 2005.  Accordingly, under A.R.S. § 23-352 and A.R.S. § 23-

3  355, the Court will award Plaintiff $42,003.00, representing the trebling of the $14,001.00

4  owed to Plaintiff as the additional bonus on the service revenues received under the Oxford

5  contract after April 22, 2005.

6  **III.    Treble Damages on the State Court Judgment**

7          Plaintiff, citing A.R.S. § 23-360, also claims she is entitled to treble damages on

8  $49,664.88, the amount of the state court judgment, because the judgment was not paid

9  within ten days of becoming final.  In opposition, Defendant argues that Plaintiff is not

10  entitled to treble damages because the judgment, which refers to "damages," does not

11  constitute "wages" under Arizona law.

12          Under A.R.S. § 23-360, "[a]n employer who has been ordered by . . . a court to pay

13  wages due an employee and who fails to do so within ten days after the order becomes final

14  is liable to pay the employee an amount which is equal to treble the amount of the unpaid

15  wages and which shall be subject to interest at the legal rate." Under A.R.S. § 23-350(5),

16  "wages" are defined as "nondiscretionary compensation due an employee in return for labor

17  or services rendered by an employee for which the employee has a reasonable expectation

18  to be paid whether determined by a time, task, piece, commission or other method of

19  calculation."  Significantly, "wages" include "commissions, bonuses and other amounts

20  promised when the employer has a policy or a practice of making such payments."  *See*

21  A.R.S. § 23-350(5).

22          While only one case interpreting A.R.S. § 23-360 could be located, *see Pima County*

23  *v. Klein*, 644 P.2d 289 (Ariz. Ct. App. 1982), the Court finds the statute clearly supports

24  Plaintiff's claim for treble damages on the unpaid state court judgment. As Plaintiff correctly

25  argues, the $49,664.88 awarded to her in the state court judgment comprises only the bonus

26  due under the Oxford contract through April 22, 2005.  In contrast, Defendant's argument

27  that the state court judgment does not constitute "wages" because the judgment refers to the

28

1    award as "damages" is misguided because it places form above substance.  Regardless of

2    how the award in the state court judgment is classified, it is undeniable that the award

3    comprises the bonus that Defendant owed to Plaintiff pursuant to the terms of employment

4    and as a result of the execution of the Oxford contract.  Accordingly, pursuant to A.R.S. §

5    23-350(5) and § 23-360, Defendant's failure to pay the bonus within ten days after the

6    judgment became final renders it liable for an amount that is equal to treble the amount of

7    the unpaid bonus, which amount is subject to interest at the legal rate under Arizona law.

8    However, because this Order will not supersede the state court judgment or otherwise render

9    it unenforceable, the Court will only award Plaintiff a sum that is double the state court

10   judgment, i.e., $99,329.76, which, when added to the state court judgment, is treble the

11   amount of the state court judgment.

12          Accordingly,

13          **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. # 16)[3]

14   and Renewed Motion for Summary Judgment (Doc. # 29) are GRANTED;

15          **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc.

16   # 19) is DENIED;

17          **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's

18   Amended Complaint (Doc. # 28) is DENIED;

19          **IT IS FURTHER ORDERED** that Plaintiff is awarded $42,003.00, plus interest at

20   the applicable federal rate from the date of judgment until paid;

21

22

23   _____

24          [3]Plaintiff moved for partial summary judgment because, at the time, the amount of
     additional service revenues received under the Oxford contract and the corresponding bonus
25   owed to Plaintiff were unknown.  However, in the Reply on Plaintiff's Renewed Motion for
     Summary Judgment (Doc. # 36), Plaintiff identifies the amount of additional service revenues
26   and the bonus owed to her.  Accordingly, the Court treated Plaintiff's motion for partial
27   summary judgment as a motion for summary judgment on all issues.

28                                                  - 8 -

1      **IT IS FURTHER ORDERED** that Plaintiff is awarded $99,329.76, plus prejudgment

2 interest thereon at the applicable state rate of 10% per annum from July 20, 2005 to the date

3 of this judgment, plus interest at the applicable federal rate from the date of this judgment

4 until paid;

5      **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor

6 of Plaintiff in accordance with this Order.

7      DATED this 19th day of March, 2007.

8

9

10                              James A. Teilborg

11                           United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28